## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KELLY DON LEDFORD,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )    CIV-05-523-R |
| | ) |
| **RON WARD, Director, Oklahoma** | ) |
| **Department of Corrections,** | ) |
| | ) |
|     **Respondent.** | ) |

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered June 14, 2005 and Petitioner's Objection filed June 28, 2005. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objections.

The Magistrate Judge recommended that Petitioner's motion to stay these proceedings be denied and that the petition for a writ of habeas corpus herein be dismissed without prejudice for failure to exhaust state court remedies as to nine of his claims. Petitioner in his objection states that he filed this petition while his appeal from the denial of his application for post-conviction relief is still pending as a precautionary measure so that his federal habeas petition will not later be barred as untimely. He further states that he is not requesting an indefinite stay but simply a stay until the Oklahoma Court of Criminal Appeals ("OCCA") has ruled on his appeal in the post-conviction proceedings. He asserts that dismissal of this case without prejudice will only require additional expense for him.

As the Magistrate Judge explained, however, Petitioner will have 110 days after the OCCA rules on his unexhausted claims to timely file his federal habeas petition. *See* Report and Recommendation at pp. 6-7, citing 28 U.S.C. § 2244(d)(2). Thus, the rationale for the stay-and-abeyance procedure adopted by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. __, 125 S.Ct. 1528, 161 L.Ed.2d 440, 450 (2005) is not implicated. This is not a case in which the 1-year statute of limitations under the AEDPA, 28 U.S.C. § 2241(d)(1)(A), has run. *Compare with Rhines, supra.* Nor is it a case in which Petitioner filed his mixed petition close to the AEDPA deadline. *Compare with id.* Rather the 1-year statute of limitations has been tolled and will continue to be tolled by Petitioner's properly filed application for post-conviction relief which is still pending, *see* 28 U.S.C. § 2244(d)(2), in which Petitioner will exhaust his unexhausted claims, after which Petitioner will have 110 days to file his habeas petition. Thus, the Court agrees with the Magistrate Judge that the stay-and-abeyance procedure is inappropriate in this case and that this mixed petition must be dismissed pursuant to *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004) and *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition of Kelly Don Ledford for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice to refiling for failure to exhaust state court remedies.

**IT IS SO ORDERED this 6th day of July, 2005.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE